*B177   #4*

*fee paid*

*SUMMONS ISSUED*

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

No. *23-CV-1691*

MICHAEL BARONE
STEFAN PETTY
CHRISTINE GOODWIN
DEAN DAWSON
DAVID ONYSHKO

                PLAINTIFFS,

vs.

ALLEGHENY COUNTY
RICH FITZGERALD
LAURA ZASPEL
LAURA WILLIAMS
STEPHEN PILARSKI
BLYTHE TOMA
NICHOLE NAGEL
JEREMY BEAVER
DEBRA BOGEN

DOES 1-50

                DEFENDANTS,

**VERIFIED COMPLAINT FOR DAMAGES**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. SECTION 1983, 1985**
**COMPENSATORY RELIEF**
**DECLARATORY RELIEF**

**TRIAL BY JURY DEMANDED**

# FILED

SEP 25 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INTRODUCTION

1.      After consulting and collecting data for several months, Allegheny County, created an unprecedented mandate that required absolute compliance concerning their new policy.

2.      No official in Allegheny County council or other County leadership publicly opposed the mandates openly on record but supported the coercion, intimidation, and disparagement inflicted on plaintiffs and many others who would not violate their own conscience.

3.      PLAINTIFFS were notified by mail, in person, and through press releases that all People employed by COUNTY would be required to take a "vaccination" injection that was non approved by the FDA under normal standards or face termination of employment.

4.      Leadership of ALLEGHENY COUNTY in creating their December 1, 2021," vaccinate or terminate" policy was well aware that COVID-19 injection did not prevent the infection or spread of the virus. This was known by October 2021 at minimum before the prejudicial terminations of employment began in December 2021.

5.      In addition to implementing mandatory injection of an experimental, emergency approved only "vaccination", Allegheny County was violating FEDERAL STATUTE 21 USC 360 bbb, which clearly states injections are voluntary and can be refused, COUNTY did violate also clearly established law pursuant to the 1st and 14th amendments of the United States Constitution by denying religious exemptions across-the-board, as well as the majority of medical exemptions. Also, equal protection under the law violations were unconscionable and discriminatory. **(see exhibit A, NOSBISH RTK)**

6.      Further COUNTY did knowingly violate TITLE VII of the **Civil Rights Act Of 1964** with their sham law process claiming that the law would be followed, **(see exhibit B)** subsequently all communications by PLAINTIFFS to appeal for approval of their exemptions and medical documentation were denied.

7.      COUNTY distinctly created two classes of employees and people differentiated by vaccination status and bonus incentives.

8.      Pennsylvania lifted the state of emergency declaration in June of 2021, yet ALLEGHENY COUNTY, RICH FITZGERALD, and DEFENDANTS continued with their personal agenda, implementing their constitutionally defective policy, causing infringement of guaranteed rights, including multiple torts against PLAINTIFFS.

9.      During the hearings asserted by PLAINTIFFS union, ACPEIU before the labor relations board against ALLEGHENY COUNTY, PLAINTIFF'S Union attorney, Ronald Retsch, conducted depositions and obtained testimony of the involvement of COUNTY actors and their participation of said infringements and overreach.

10.     The Union for the correctional officers of Allegheny County Jail surprisingly have and were unable to mitigate officers' jobs concerning ALLEGHENY COUNTY'S direct infringements.

11.     Therefore, PLAINTIFFS bring this action under **42 USC Section 1983, 1985** against COUNTY Officials, DEFENDANTS, and other actors who knowingly and willfully, colluded and conspired with ALLEGHENY COUNTY in the deprivation of Rights of PLAINTIFFS under color of law.

## **JURISDICTIONAL STATEMENT**

12.     U.S. Constitution, Federal Question pursuant to **TITLE 42 USC sections 1983 and 1985.**

        42  USC section 2000e Title VII of the Civil Rights Act of 1964. Title 28 U.S.C. Section
        1331, Section 1343 2201-02.

1Supplemental jurisdiction exists with this court under the provisions of **Title 28 U.S.C. Section 1367(a).**

13.    Locational jurisdiction and Venue are valid. Events in this action occurred in

ALLEGHENY COUNTY pursuant to **28 U.S.C. Section 1391(b).**

## **PARTIES OF THE CASE**

14.    PLAINTIFF, MICHAEL BARONE, hereinafter referred to as BARONE, is an

individual and a Natural person, one of the People of the Commonwealth of Pennsylvania

and was a former employee of ALLEGHENY COUNTY of over years, at all times relevant.

15.    PLAINTIFF, STEFAN PETTY, hereinafter referred to as PETTY, is an individual

and a Natural person, one of the People of the Commonwealth of Pennsylvania, is a former

employee of ALLEGHENY COUNTY of 15 years at all times relevant.

16.    PLAINTIFF, CHRISTINE GOODWIN, formerly Christine Mowry, hereinafter

referred to as GOODWIN, is an individual and a Natural person, one of the People of the

Commonwealth of Pennsylvania. GOODWIN was a former employee of ALLEGHENY

COUNTY of over 14 years at all times relevant.

17.    PLAINTIFF, DEAN DAWSON, hereinafter referred to as DAWSON, is an

individual and a Natural person, one of the People of the Commonwealth of Pennsylvania,

but now resides in Florida, and was a former employee of ALLEGHENY COUNTY of 6

years at all times relevant.

18.    PLAINTIFF, DAVID ONYSHKO, hereinafter referred to as ONYSHKO, is an

individual and a Natural person, one of the People of the Commonwealth of Pennsylvania,

and was a former employee of ALLEGHENY COUNTY of over 13 years, at all times

relevant.

19.    DEFENDANT, ALLEGHENY COUNTY, hereinafter referred to as COUNTY, and

is a political subdivision of Pennsylvania. COUNTY is being sued as a person.

20.     DEFENDANT, RICH FITZGERALD, hereinafter referred to as FITZGERALD, and is an executive officer of COUNTY.  FITZGERALD was elected by the public and swore an oath to support both state and federal Constitutions. FITZGERALD is rewarded, compensated and enriched by COUNTY and is being sued both in his official job capacity, and in his private capacity.

21.     DEFENDANT, LAURA ZASPEL, hereinafter referred to as ZASPEL, and is a human resources director for ALLEGHENY COUNTY.  ZASPEL is rewarded, compensated and enriched by COUNTY and is being sued both in her official job capacity, and in her private capacity.

22.     DEFENDANT, LAURA WILLIAMS, hereinafter referred to as WILLIAMS, and is a former chief deputy warden of health services for ALLEGHENY COUNTY JAIL. WILLIAMS was rewarded, compensated and enriched by COUNTY and is being sued both in her official job capacity, and in her private capacity.

23.     DEFENDANT, STEPHEN PILARSKI, hereinafter referred to as PILARSKI, and is a senior deputy county manager for ALLEGHENY COUNTY.  PILARSKI is rewarded, compensated, and enriched by COUNTY and is being sued both in his official job capacity, and in his private capacity.

24.     DEFENDANT NICOLE NAGLE, hereinafter referred to as NAGLE, and is an employee relations manager for ALLEGHENY COUNTY.  NAGLE is rewarded, compensated, and enriched by COUNTY and is being sued both in her official job capacity, and in her private capacity.

25.     DEFENDANT JEREMY BEAVER, hereinafter referred to as BEAVER, is a former employee relations coordinator for ALLEGHENY COUNTY.  BEAVER was rewarded, compensated, and enriched by COUNTY, and is being sued both in his official job capacity,

and in his private capacity.

26.     DEFENDANT BLYTHE TOMA, herein after referred to as TOMA, is an employee of COUNTY. TOMA is rewarded, compensated, and enriched by COUNTY, TOMA is being sued in both official and private capacities.

27.     DEFENDANT DEBRA BOGEN, herein after referred to as BOGEN, was the senior health director for COUNTY. BOGEN was rewarded, compensated, and enriched by COUNTY and is being sued both in her official job capacity, and in her private capacity.

## **FACTUAL STATEMENT**

28.     On August 6, 2021, PLAINTIFFS were sent a notice stating "effective Monday, August 9, 2021 all the Allegheny County employees must get a COVID-19 vaccination or be subjected to a mask requirement and regular COVID-19 testing. **(see exhibit C)**

29.     This was the commencement of the COUNTY'S unconstitutional policy with mandatory terms and conditions that created two classes of people in the workplace.

30.     These classes of people were not given equal treatment, benefits, and protections by DEFENDANTS but segregated the PLAINTIFFS prejudicially.

31.     The PLAINTIFFS, who were placed in a disadvantaged category, had 80 hours of paid leave and $100 incentives unjustly withheld due to their refusal to undergo the experimental vaccination, while entitled employees who agreed to the procedure received these benefits. This disparate treatment marked the beginning of a pattern of bias and severe emotional distress inflicted upon the PLAINTIFFS.

32.     PLAINTIFFS who had worked through the flu season un-injected and relying on natural immunity were referred to as "front line workers" before the COUNTY'S unlawful

mandate was implemented requiring injections. This demonstrated the outstanding commitment of PLAINTIFFS as loyal employees.

33.     When the COUNTY mandates were unfairly enforced, ALL PLAINTIFFS were subjected to intrusive questioning and were asked personal medical inquiries upon entering the workplace, violating their Right to privacy and failing to provide discrete and appropriate accommodations.

34.     This was just part of the ongoing disparagement suffered by PLAINTIFFS.

35.     Moreover, PLAINTIFF ONYSHKO was tested for COVID 19 under fear of threat also in void of privacy.

36.     DEFENDANTS FITZGERALD, WILLAIMS, PILARSKI, ZASPEL, NAGEL, BEAVER, TOMA, BOGEN, William McKain and other COUNTY upper management spent several months meeting, consulting and creating a new policy and procedures approximately between December 2020 to August 2021.

37.     Some of the consulting was done with BOGEN, who was the head of the COUNTY Health Department, with an annual budget that is over $1 BILLION. BOGEN who has practiced medicine approximately 20 years was entrusted in her emolument to provide reasonable competent unbiased services in her obligated duty to COUNTY actively deprived PLAINTIFFS Rights.

38.     Furthermore, as a pediatrician BOGEN is well acquainted with the administration of the multitude of vaccinations and was reasonably aware that the COVID-19 injection did not provide natural immunity but was indeed an emergency gene therapy medical treatment injection. This was unconscionable.

39.     This vital fact was not disclosed to the PLAINTIFFS nor the public but was misinformation, disinformation, and intentional propaganda.

40.     With the enormous budget of COUNTY health department and having tens of millions of COVID relief dollars available, it is unconscionable to ignore the related data known by COUNTY that the injection did not stop the transmission or the reception of COVID 19. Also ignoring the responsibility and duty of care to follow emergency authorized use of biological injections in pursuant to Statutes, Acts, and prescribed laws thereof.

41.     COUNTY Employees and other individuals who took the first available injections contracted COVID 19 well before the Dec 1st 2021 deadline of "vaccinate or terminate".

42.     COUNTY has referenced CDC data multiple times previous to their policy, protocol and guidance, concerning the creation of COUNTY'S mandates pertaining to COVID 19.

43.     CDC, through their director has conceded that the injections do not prevent infection or transmission of COVID-19, and that the injected and non-injected are equally likely to spread the virus.(August 4, 2021 "fully vaccinated people who get COVID 19 breakthrough infection can transmit the virus" Dr..Rochelle Walensky. CNN - M. Holcombe.).

44.     Further, COUNTY'S agenda of unlawful unprecedented actions superseded their duty of care, foreseeable errors, and deliberate reckless indifference to join the propagandized concealment of the contents of the injection which in any terms was NOT a VACCINE.

45.     In every communication from COUNTY and FITZGERALD, the terms "Vaccine" and "vaccination", referring to the emergency authorized injection, is a messenger RNA gene therapy treatment. The CDC much later attempted to change the definition of "vaccination" without legislative participation well after PLAINTIFFS were injured and misrepresentations were made.

46.     All of the COUNTY'S printed documents, orders, and guidance concealed the fact that the alleged "vaccine" was indeed an M-RNA injection that does not confer immunity but claims to reduce the severity of symptoms therefore it is a treatment and not a vaccine.

-8-

BARONE ET AL VS. ALLEGHENY COUNTY, ET AL
COMPLAINT FOR DAMAGES CIVIL
RIGHTS VIOLATIONS UNDER 42 U.S.C.
SECTION 1983, 1985

47.     The fact that COUNTY made blatantly false claims concerning "COVID 19 vaccine", being that the injection was not indeed a vaccine, THEY also did not provide informed consent concerning accurate facts required by federal statute 21 USC 360 bbb and section 564 of the Food Drug Cosmetic Act. COUNTY also provided erroneous propaganda to PLAINTIFFS to further coax their participation.

48.     On a document provided by COUNTY concerning the "covid -19 vaccine", COUNTY used the word and variations of the word VACCINE 24 times. This document was titled ALLEGHENY COUNTY COVID-19 VACCINE Myth vs fact, with COUNTY logo on the letterhead. **(see exhibit D, COVID Fact or Myth)**

49.     This document was fraudulent and full of intentional misrepresentation concerning the medical treatment COUNTY was requiring concerning their policy and employment.

50.     Moreover, PLAINTIFFS claim that COUNTY acted in bad faith with said document using misleading phrases, misinformation, and propaganda.

51.     PLAINTIFFS BARONE and GOODWIN provided evidence about their natural immunity, despite the fact that the covid 19 injections do not provide immunity and were subsequently terminated from employment.

52.     Concerning the actions of FITZGERALD who individually swore and subscribed an OATH of OFFICE to support and defend both COMMONWEALTH and FEDERAL Constitutions has violated secured Rights of PLAINTIFFS in the following manner:

**a)** Acted ultra vires in his scope and jurisdiction concerning his orders and policies which were void of ALLEGHENY COUNTY'S council legislative participation. Nowhere in ALLEGHENY COUNTY home rule charter, does it give authority to FITZGERALD to create his own policy.

**b)** Acted with intentional negligence by violating PLAINTIFFS procedural and substantive DUE PROCESS protections enforcing the afore mentioned mandate.

**c)**      Intentionally causing economic hardship and emotional distress by his purging of PLAINTIFFS employment and presence from the workplace due to personal views and extreme prejudice terminating PLAINTIFFS employment.

**d)**      Created divisive perception within the workplace.

**e)**      Violated the public trust by the perjuring of FITZGERALD'S sworn and subscribed oath of office.

**f)** Taunted, defamed, and cast false light on PLAINTIFFS choices through his press conferences and public bias statements demonizing and demoralizing all non-injected People, employees, and PLAINTIFFS such as "folks who are not vaccinated are going to be isolated from society".

53.     All DEFENDANTS were responsible for applying and enforcing NON approved policy changes. Including mandatory injection of COVID-19 emergency authorized medical treatment, re-classification of employees, unequal pay incentives, invasion of privacy, inflicting emotional distress, and termination of plaintiffs' employment.

54.     All PLAINTIFFS submitted religious declarations/exemptions, which were unjustly denied through direct communication by ZASPEL, NAGEL, BEAVER, WILLIAMS, and TOMA, who collaborated with COUNTY officials in a conspiracy to terminate employment

and interfere with the PLAINTIFFS' rights, thereby depriving them of their rightful protections.

55.     BARONE, PETTY, GOODWIN, DAWSON and ONYSHKO state their claim that all DEFENDANTS acted with retaliatory animus and deliberate indifference towards PLAINTIFFS' beliefs of being un-injected and prejudiced against PLAINTIFFS personal religious, health convictions, and Rights, by their coordinated efforts to unlawfully terminate PLAINTIFFS in addition to continued coaxing, intimidation, and discriminatory treatment by all DEFENDANTS.

56.     The COUNTY implemented their new policy to remediate the health emergency under the guise of "safety". However, at the same time, neglected a multitude of issues that ignored safely protecting the Allegheny County jail employees and inmates.

57.     DEFENDANTS are Correctional officers and are aware of hazardous conditions that exist with the daily duties on the job, and it is the COUNTY'S obligation and duty to prevent foreseeable neglect that would negate basic safety requirements pertaining to protecting all individuals in the jail.

58.     Inmates who would not consent to be injected were also in close proximity to DEFENDANTS before, during and after the COVID 19 event. COUNTY policy creates unrealistic and unscientifically proven methods to contain and prevent the transmission of COVID-19, thus enforced mandated injections for safety are unreasonable and unconscionable.

59.     Further, COUNTY hired poll workers for County held elections and did not require compliance to the same mandate forced upon plaintiffs negating COUNTY'S policy.

60.   Safety issues, having been previously raised at the jail by PLAINTIFF BARONE, such as chronic understaffing of nurses and guards, lack of medical staff for inmates, and lack of overall training, as well as facility infostructure.

61.   All PLAINTIFFS have deeply held religious beliefs that prevented them to be subject to defilement by being injected with human DNA which is contained in the aborted fetal lines (HEK-293 and PER C6) within all available options in the mandate.

62.   ALL PLAINTIFFS share the belief that every creation of GOD has the right of life, even before birth, JEREMIAH 1:5 declares "Before I formed thee in the belly, I knew thee;" KJV.

63.   Further PLAINTIFFS believe abortion is a violation of EXODUS 20:13 "Thou shalt not kill" KJV. The fetal lines in the injection originate from aborted human life; moreover, PLAINTIFFS believe they will defile their temple(body)by the injection also.

64.   PLAINTIFFS submitted their religious exemption and accommodation requests in good faith but subsequently were denied by COUNTY actors and DEFENDANTS by sham law hearings and premeditated denials.

65.   COUNTY and DEFENDANTS gave an illusion of due process (Loudermill hearings) concerning religious exemptions but never accessed a religious expert to validate or verify the said deeply held religious beliefs of all PLAINTIFFS nor were medical experts consulted about natural immunity evidence submitted by GOODWIN and BARONE.

66.   Furthermore, there was no appeal process available to challenge COUNTY'S predetermined denials.

67.   During December of 2021- March 2022 all PLAINTIFFS received a **disqualification** letter stating that because of the PLAINTIFFS' "noncompliance," the PLAINTIFFS have

'disqualified" themselves. Further stating that as a result, "the [Health] Department has decided to terminate your employment." **(see exhibit E)**

68.     The commonwealth Constitution declares in article 1 section 4 Religion ; "No person who acknowledges the being of a God, in a future state of rewards and punishments shall, on a count of his religious sentiments, be **disqualified** to hold any office or place of trust or profit under this commonwealth."

69.     Finally, COUNTY, FITZGERALD, Allegheny Health Department, nor anyone else in the country has borne the burden of proof, scientifically or medically, proving that these injections stopped the infection and transmission of the COVID-19 virus. Also, as the data rolls in, this said injection has caused a multitude of serious health problems.

70.     Furthermore, many people have irreversible side effects, injuries, including blood clots, myocarditis. Pericarditis, heart attacks, or even death, therefore, the "cure" has become worse than the virus.

71.     Therefore, PLAINTIFFS were forced to choose between defiling their body and to put their future health at risk, or deny their conscience and obey unlawful mandates.

72.     In conclusion, the terms of PLAINTIFFS employment were never predicated on taking a medical treatment and COUNTY'S mandate was void ab initio at its inception. COUNTY leadership failed in instructing and training of employees concerning unlawful and illegal activities such as terminating PLAINTIFFS employment for failure to get a COVID-19 injection, creating segregation, intentional misrepresentation, and invasion of medical privacy. COUNTY'S policy is a direct link to the deprivation of secured constitutional protections. PLAINTIFFS claim that DEFENDANTS acted with retaliatory animus because the DEFENDANTS required PLAINTIFFS to get the injection to maintain equal protections and keep their employment.

73.     Finally, Federal question #1 to be asked is; Does not PLAINTIFFs have secured and protected Rights as People as well as being employees? Plaintiffs would declare, YES, they do.

74.     Federal question # 2 would be, does not FITZGERALD'S Oath of Office encompass a sworn and subscribed duty of care to uphold, protect, and defend PLAINTIFFS Rights pursuant to Federal and State Constitutions? Plaintiffs would declare YES, he does.

75.     Federal question # 3, does not PLAINTIFFS Rights exist in both as status of employees of Allegheny County and also status of People of the Commonwealth of Pennsylvania? PLAINTIFFS would declare YES, both apply, and FITZGERALD is obligated by his indicia of office to protect those rights.

76.     ERGO, *Scire et scire debere aequiparantur in jure,* To know a thing, and to be bound to know it, are regarded in Law are equivalent.

## CLAIMS

## CLAIM I

### 1ST AMENDMENT 42 USC 1983

77.     PLAINTIFFS re-allege paragraphs 1-76 as though set forth fully herein. All PLAINTIFFS state the claims that all DEFENDANTS, infringed upon all PLAINTIFFS constitutionally secured First Amendment Right of free exercise of Religion, specifically the "free exercise clause" by denying all PLAINTIFFS religious exemptions and medical documents while acting under color of authority.

PLAINTIFFS had a secure Right to exercise their religious beliefs in which PLAINTIFFS deeply held religious practices were well documented and also clearly articulated and defended in COUNTY'S sham law (Loudermill) hearings.

78.    ALL PLAINTIFFS were told in a formal notice sent by COUNTY and DEFENDANTS that COUNTY would follow the "LAW" concerning the exercise of PLAINTIFFS religion but were directly denied without the scrutiny of an expert in the field of religious practices.

79.    PLAINTIFFS were deprived the free exercise of their religion by exemption denials at the hands of the COUNTY and DEFENDANTS.

80.    DEFENDANTS had a reasonable duty of care to not violate clearly established law by depriving PLAINTIFFS free exercise of religion. Even congress declared "SHALL MAKE NO LAW PROHIBITING" the free exercise of religion (1st Amendment, Article 1 section 4 of the Constitution of the Commonwealth of Pennsylvania.

81.    The words SHALL and PROHIBITING are mandatory language in which FITZGERALD, COUNTY, and DEFENDANTS are required to strictly adhere to. FITZGERALD unlawfully created and acted under color of law, Defendants willfully and knowingly participated.

82.    ALL PLAINTIFF'S had a right to not be punished over religious conviction.

83.    COUNTY policy is a direct link to this deprivation and all DEFENDANTS are the proximate cause of injury.

## CLAIM  II

### Violation of Fourteenth Amendment 42 USC Section 1983

### EQUAL PROTECTIONS CLAUSE

84.    PLAINTIFFS re-allege paragraphs 1-83 as though fully set forth herein. ALL PLAINTIFFS state the claims that COUNTY and ALL DEFENDANTS acted under color of

-15-

law and color of authority to implement and enforce unlawful policy, practices and procedures that prejudicially and segregatively created two classes of people.

85.    preferred class of people were the employees who consented to the injection of the COVID-19 treatment, and the second class (PLAINTIFFS) were denied equal treatment, economically, beneficially, and socially.

86.    The favored class received a financial award, 80 hours of paid leave and kept their preferential status in the workplace.

87.    The second class, including all PLAINTIFFS, were demonized and denied the above benefits of the first class. These" second class citizens" had their employment terminated. COUNTY and DEFENDANTS interfered with PLAINTIFFS' rights to fair and equal treatment concerning qualifications and workplace participation.

88.    All defendants participated individually and collectively denying equal protections Under the law pursuant to the 14th amendment of the United States Constitution at minimum. All PLAINTIFFS had a right not to be treated this way and all DEFENDANTS are the proximate cause of injury in this claim.


## CLAIM  III

### 14TH AMENDMENT 42 USC 1983 SUBSTANTIVE DUE PROCESS


89.    PLAINTIFFS re-allege paragraphs 1-88 and fully set forth herein. All PLAINTIFFS state the claim that there are substantive due process rights denied by all DEFENDANTS.

90.    PLAINTIFFS have a right to participate in the workplace without being barred from doing so by arbitrary, capricious and unfair standards placed upon them.

91.     County and defendants interfered with PLAINTIFFS Rights to fair and equal treatment concerning qualifications and processes to participate in the workplace.

92.     All defendants willingly and knowingly denied substantive rights of all PLAINTIFFS and pre meditatively participated in depriving fair treatment to PLAINTIFFS concerning their right to due process.

93.     This was done so by DEFENDANTS who met in team meetings and agreed to collude against PLAINTIFFS collectively.

94.     PLAINTIFFS had a right not to be denied substantive due process pursuant to the 14TH Amendment and all DEFENDANTS are the proximate cause of injury in this claim.

## CLAIM. IV

### 14TH AMENDMENT 42 USC 1983 PROCEDURAL DUE PROCESS

95.     PLAINTIFFS re-allege paragraphs 1-94 and fully set forth herein. All PLAINTIFFS state the claim that all DEFENDANTS individually and collectively deprived PLAINTIFFS of procedural due process of religious exemptions and medical documentation.

96.     All DEFENDANTS concealed without transparency, the decision-making process from obtaining the religious exemptions of PLAINTIFFS.

97.     This process was done so without consulting with experts in the fields concerning religious practices.

98.     This process did not provide an appeal process and was completely arbitrarily subjected solely to the discretion of the DEFENDANTS, who denied every religious exemption that was applied for.

99.     COUNTY and DEFENDANTS created a charade of due process, but only in appearance at their Loudermill hearings and interactive exchanges with PLAINTIFFS.

100.    All PLAINTIFFS had a right to not be deprived of procedural due process, and all DEFENDANTS are the proximate cause of injury in this claim.


## CLAIM V

### Violation of  21  USC section 360 bbb –

### FOOD and DRUG COSMETIC ACT 564

**21 USC 360bbb: Expanded access to unapproved therapies and diagnostics**

101.    PLAINTIFFS re-allege paragraphs 1-100 and set forth fully herein.

102.    PLAINTIFFS state the claim that COUNTY violated **21 USC Section 360 bbb FDCA SECTION 564 (e) (1) (A) (ii) (iii)**, in which PLAINTIFFS refused the emergency authorized medical injection that COUNTY mandated for the changing of the terms of PLAINTIFFS employment.

103.    Section 564 of the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. sections 360bbb-3,1 authorizes the Food and Drug Administration to put forth an emergency use authorization for a medical treatment in certain emergency situations. This permits the treatment materials to be given even if FDA has not approved the product.

104.    FDA is directed by Section 564 "to the extent practicable" given the emergency circumstances and as the agency finds necessary or appropriate to protect the public health to impose appropriate conditions on each emergency use authorization. FDCA section 564(e)(1)(A).  conditions are created to verify that recipients of the product "are informed" of certain things, including "the option to accept or refuse administration of the product." 564(e)(1)(A)(ii)(III).

105.   COUNTY did not disclose required information to PLAINTIFFS, pursuant to all the afore-mentioned facts and unlawfully terminated employment when PLAINTIFFS acted within the law.

106.   Furthermore, COUNTY received Block Grant in the form of a federal award, which requires internal controls, specifically **2 CFR 200.303,** which prohibits violations to constitutional provisions, prejudicial treatment and federal statutes such as 21 USC 360 bbb.

107.   COUNTY has a duty of care in the use of all federal monies, especially when funds that are awarded to mitigate the emergency health risks claimed by FITZGERALD and COUNTY.

108.   COUNTY is obligated to conform to federal statutes free of prejudice and in constitutional alignment.  COUNTY, FITZGERALD, and DOES are the proximate cause of injury.

## CLAIM VI

### Intentional Inflectional Emotional Distress

109.   PLAINTIFFS re-allege paragraphs 1-108 and set forth fully herein. All DEFENDANTS knowingly and intentionally with foreseeable intent conspired to unlawfully cause PLAINTIFFS to lose their employment, benefits, emotional security, and self-worth because PLAINTIFFS refused an experimental injection that falsely was deemed a vaccine. PLAINTIFFS had several rights to refuse to do so.

110.   PLAINTIFFS were subjected to be treated like second class employees and citizens because COUNTY policy enabled DEFENDANTS and actors who with animus did ridicule them. Also, verbal abuse with contempt caused emotional distress that PLAINTIFFS endure

to this day. The totality of the distress has caused insomnia and unnecessary stress, due to the lack of job security, income, and retirement.

111.    These facts shocked the conscience of the PLAINTIFFS in addition to the depths of their soul because PLAINTIFFS never would've expected treatment that COUNTY and DEFENDANTS have given them previously mentioned in the complaint.

112.    PLAINTIFFS were forced to allow abusive behavior by COUNTY and DEFENDANTS because of the exercise of their religion and freedom of conscience.

113.    PLAINTIFFS were deprived of health insurance, this caused additional emotional and mental anguish.

114.    COUNTY and DEFENDANTS, in addition to other actors, had a duty of care not to inflict such emotional distress and other abuses against PLAINTIFFS. COUNTY and DEFENDANTS are approximate cause of injury.

## CLAIM VII

**Violation of Article 1, Sec. 9 Clause 8, of the US CONSTITUTION, EMOLUMENTS CLAUSE**

115.    PLAINTIFFS re-allege paragraphs 1-114. PLAINTIFFS assert the claim that FITZGERALD, in his official capacity, used his office for unjust political advantage and gain against PLAINTIFFS who refused his personal mandate, therefore violating his oath of office to uphold constitutional provisions.

116.    This personal and biased agenda coerced and bullied PLAINTIFFS into his personal beliefs, depriving them of their own convictions.

117.    This violation of the public trust and conflict of interest gave FITZGERALD

unlawful leverage over PLAINTIFFS, resulting in injury. FITZGERALD is the proximate

cause of injury.

## CLAIM. VIII

### TITLE VII DISPARATE TREATMENT, RELIGIOUS DISCRIMINATION

### 42 USC 2000e et seq

118.    Plaintiffs re-allege paragraphs 1-117 and incorporate here in.

119.    COUNTY, through DEFENDANTS, discriminated all PLAINTIFFS through their

segregation of financial incentives, and other restrictive treatments, such as restricting access

to the workplace, and intrusive interrogation concerning their personal matters. This violates

42 USC 2000(a)(1)(2)

120.    These actions were taken by DEFENDANTS, because of PLAINTIFFS deeply held

religious practices pertaining to the defilement of their temple (BODY.)

121.    Because PLAINTIFFS did not take an experimental injection, which contain aborted

fetal tissues, which are prohibited in PLAINTIFFS religious practices, PLAINTIFFS were

treated like second class employees, segregated and terminated because of religion, which is

prohibited under title VII of the civil rights act of 1964.

122.    ALL PLAINTIFFS were denied religious exemptions, as well as many other

employees of COUNTY.

123.    COUNTY did provide an administrative hearing, but used sham law procedures that

gave the appearance of due process but was void of any expert input and eventually denied

all of the religious exemptions out of the false guise of safety.

124.    County was obligated to give PLAINTIFFS reasonable accommodation, but claimed undue hardship without any relevant scientific or medical data that could reach that conclusion.

125.    COUNTY implemented a political agenda through FITZGERALD and other DEFENDANTS who showed extreme prejudice against PLAINTIFFS religious Rights and worked in concert together to terminate all PLAINTIFFS employment violating TITLE VII of a civil rights act of 1964 and 42 USC sec 2000(e) (j)

126.    COUNTY and FITZGERALD are the proximate cause of injury.


## CLAIM IX

## INTENTIONAL MISREPRESENTATION


127.    PLAINTIFFS re-allege previous paragraphs 1-126 and fully incorporate herein.

128.    PLAINTIFFS make the claim that COUNTY and upper management DEFENDANTS intentionally misrepresented the following facts. COUNTY openly makes the claim that they are equal opportunity employers. This is a false claim.

129.    COUNTY and DEFENDANTS openly showed and acted with disparity toward and directly against all PLAINTIFFS with all the previous incorporated facts.

130.    COUNTY and Allegheny County Health department actors did intentionally conceal and also failed to disclose the fact that the COVID 19 injection was not a vaccine, vaccination, or any other medical process that provided immunity to PLAINTIFFS or to anyone else.

131.   COUNTY'S "MYTH vs. FACTS" used 24 variations of the word vaccine with the intent to conceal the fact that COUNTY'S mandated injection was an unapproved experimental medical procedure. This reckless indifference was done with the explicit intent to obscure the actual nature of COUNTY'S mandated injection.

132.   COUNTY'S intent was to induce the plaintiff's reliance on these false claims, in addition to bullying compliance with said false claims.

133.   PLAINTIFFS had a reasonable right to not be subjected to such dishonorable treatment that used fraudulent misrepresentations and systematically and methodically weaponized it against plaintiff's beliefs and Rights.

134.   COUNTY and actors within the Allegheny County Health Department knowingly concealed and purposefully failed to disclose a pivotal fact: that the administered COVID-19 injection did not meet the criteria of a vaccine, vaccination, or any medical process providing immunity to PLAINTIFFS or any other recipients.

135.   It is apparent that COUNTY's primary objective was to induce reliance on these false claims and to coerce compliance with these misleading assertions through intimidation and pressure.

136.   These actions inflicted upon PLAINTIFFS an extraordinary degree of anxiety and emotional distress, as they were systematically subjected to a campaign of misinformation and manipulation, culminating in the foreseeable threat to their long-standing job security.

137.   PLAINTIFFS possessed a well-founded expectation not to endure such dishonorable treatment that relied on fraudulent misrepresentations, systematically and calculatedly weaponizing these falsehoods against PLAINTIFFS' deeply held beliefs and their fundamental rights.

138.    In this regard, COUNTY, BOGEN, PILARSKI and FITZGERALD emerge as the proximate cause of the injury sustained by PLAINTIFFS.

## CLAIM X

## TORTIOUS INTERFERENCE OF CONTRACT

139.    PLAINTIFFS re-allege paragraphs 1-138 and fully incorporate herein. PLAINTIFFS make the claim that there exists a contract of employment between Allegheny County and PLAINTIFFS.

140.    PLAINTIFFS union were unable to mitigate plaintiffs' rights, in whom have a common law right to redress their own grievances.

141. COUNTY did not require any types of "vaccination status" in any written or oral agreement prior to PLAINTIFFS contract.

142.    COUNTY changed the terms of the contract with PLAINTIFFS without reasonable negotiations, equal consideration, or reciprocity.

143.    FITZGERALD acted ultra vires changing the terms of said contract through unlawful mandate causing premature and unlawful termination of contract and injury to PLAINTIFFS.

144.    COUNTY officials and all DEFENDANTS worked independently and jointly to unreasonably and willfully interfere and usurped plaintiffs' contracts. This caused disruption and obstruction to PLAINTIFFS contract.

145.    This was done premeditatively and discussed in COUNTY team meetings.

146.    DEFENDANTS willingly, knowingly, and unlawfully interfered with PLAINTIFFS contractual relationship with COUNTY all other previously incorporated allegations.

147.    PLAINTIFFS suffered financial harm due to the interference of contract by DEFENDANTS individually and corporately using coercion, disparagement, intimidation, and misrepresentation in the enforcement of a policy that was void ab initio from its inception.

148.    FITZGERALD , ZASPEL, PILARSKI, WILLIAMS, NAGLE, BEAVER, TOMA, and BOGEN are the proximate cause of injury.

## CLAIM XI

## CONSPIRACY TO DEPRIVE RIGHTS

149. PLAINTIFFS re-allege paragraphs 1-148 and fully incorporate herein. All defendants have violated 42, USC section 1985 (3), … " if one or more persons, engage there, and do, or cause to be done, any act in the furtherance of the object of such conspiracy, whereby another is injured in his personal property, or deprived of having an exercising any right or privilege of a citizen of the United States, the party, so injured or deprive, may have an action for the recovery of damages occasion by such injury, or deprivation against any one or more of the conspirators."

150. In accordance with all of the above-mentioned paragraphs within this complaint demonstrate that all DEFENDANTS worked in concert together, acting under color of law to deprive all PLAINTIFFS secured, protected and guaranteed constitutional rights.

**VERIFICATION**

I, Michael Barone, have comprehended all paragraphs in the foregoing complaint and verify the contents thereof to be true to my own knowledge in pursuant to 28 USC section 1746.


Michael Barone


I, Stefan Petty, have comprehended all paragraphs in the foregoing complaint and verify the contents thereof to be true to my own knowledge in pursuant to 28 USC section 1746.


Stefan Petty

I, Christine Goodwin, have comprehended all paragraphs in the foregoing complaint and verify the contents thereof to be true to my own knowledge in pursuant to 28 USC section 1746.

Christine Goodwin

I, Dean Dawson, have comprehended all paragraphs in the foregoing complaint and verify the contents thereof to be true to my own knowledge in pursuant to 28 USC section 1746.

Dean Dawson

I, David Onyshko, have comprehended all paragraphs in the foregoing complaint and verify the contents thereof to be true to my own knowledge in Pursuant to 28 USC section 1746.

David Onyshko

**RELIEF SOUGHT**

WHEREFORE, PLAINTIFFS SEEK RELIEF IN THE FORM OF:

    A.    Monetary relief against DEFENDANTS, in the amount of $250,000 each for constitutional violations infringing against each individual PLAINTIFF (see 18 USC 3571 (b)(3) )

B.  Monetary relief against COUNTY in the amount of $500,000 for each constitutional violations infringing against each individual PLAINTIFF (18 USC 3571(c)(3)

C. Monetary relief against DEFENDANTS for $200,000 for each tort injury against each individual PLAINTIFF.

D. Monetary relief in the recovery of the amount of 2 years of annual salary for each individual PLAINTIFF according to their latest pay scale.

E. Monetary relief of loss of future wages, benefits, and pensions, in the amount that the Court deems appropriate.

F. Declaratory relief in the form of a court order citing Fitzgerald's mandate was void ab initio.

G. Declaratory relief in the form of a court order that prohibits COUNTY from implementing mandatory vaccination of future employees.

H. The right to add attorneys for limited and full scope on this case.

I. The right to participate in alternative dispute resolution before adjudication.

J. The right to amend this complaint pursuant to Federal Rules of Civil Procedure.

K. Punitive damages awarded to PLAINTIFFS

L. Any further relief as the court deems appropriate.

Dated 25th of September, 2023.

Respectfully submitted,

Michael Barone Sui juris
2809 New England Rd.
West Mifflin, PA.15122
barone0709@gmail.com

Stefan Petty    Sui juris
18 Suffolk Dr.
Coraopolis, PA. 15108
spet73@gmail.com

Christine Goodwin Sui juris
400 Cornell Ave
Pittsburgh, PA. 15229
goodwinchristine412@gmail.com

Dean Dawson Sui juris
143 Ryan Dr.
Pittsburgh, PA.15220
deandawson1993@gmail.com

David Onyshko Sui juris
10 Hodgkiss Dr.
McKees Rocks, PA. 15136
d.onyshkophoto@gmail.com